HOWELL, for the use, etc.; *v.* SEVIER.

SURETYSHIP. *Discharge. Agreement for delay. Consideration. Usury.* An agreement for further delay made between the creditor and principal debtor after the maturity of the note, in consideration of an additional sum to be paid by the debtor over and above the lawful debt and interest, is not binding upon either party, although the additional sum stipulated be actually paid within the time of delay agreed upon; and a surety will not be discharged by such agreement, although made without his knowledge or assent. The amount paid will be regarded as a payment upon the lawful debt.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. E. E. GILLENWATERS, J.

INGERSOLL for Howell.

·PETTIBONE & ROBINSON for Sevier.

McFARLAND, J., delivered the opinion of the court.

Action upon a note executed by W. F. Gleason and C. L. ·Sevier to Daniel Howell for $230; due at four months. Sevier was the surety of Gleason, and claims to be discharged upon the ground that after the note fell due, Marshall, to whom it had been transferred, agreed with Gleason to extend the time four months longer in consideration of the payment by Gleason of thirty dollars in addition to the principal and interest of the note. The cause was submitted to the Circuit Judge without the intervention

of a jury, and judgment rendered in favor of the defendant Sevier, and the plaintiff has appealed.

It appears that the agreement alleged was entered into between Marshall and Gleason after the note fell due, and without the knowledge or assent of Sevier. The agreement was that four months additional time was to be granted upon the note in consideration of a *bonus* of thirty dollars to be paid by Gleason, who gave his due-bill for this sum, and paid the same two or three weeks afterward.

Do these facts discharge the surety? It is well settled that the agreement between the creditor and principal debtor for delay which will discharge the surety, must be a valid and binding agreement, and one which presents a legal obstacle, for the time, to the prosecution of an action upon the original security. It was held by this court in *Wilson* v. *Langford*, 5 Hum., 320, that a stipulation for delay based upon the contract of the debtor and evidenced by his separate note to pay a further sum in addition to the principal and lawful interest of the original debt, was not a valid contract for delay, and the surety was not thereby discharged; that the agreement to pay usurious interest was unlawful and void, and the contract, therefore, not binding upon either party. The only difference between that and the present case is, that in the case referred to the usurious interest had not been in fact paid, but only a note given for its payment. In the present case the note given for the usurious interest was afterwards, and within the time of the additional delay agreed upon, paid by the

debtor. Does this constitute an exception to the general rule stated in *Wilson* v. *Langford, supra?* Does the actual payment of the usurious interest render the agreement for delay obligatory upon the creditor? It has been so held in a number of cases, upon the ground that the right to set up the illegality of a usurious payment in avoidance of the contract for delay belongs to the party making the payment, and not to those by whom it is received. . See 3 Leading Cases in Eq., 566. But this, says the same authority, has been questioned, and is not applicable unless the interest be paid in advance, or during the time of the delay agreed upon. See, also, 2 Amer. Leading Cases, 471. The test is, could the agreement for delay have been enforced against the creditor, either as a defense to the sale or as a cause of action? If so, the surety will be discharged, otherwise not. In *Vilas* v. *Jones*, 1 Comst., 286, two of the judges hold that the payment of the usurious interest did not validate the agreement for delay; that whether paid or agreed to be paid, it was the same. The reasoning is very persuasive. The other judges concurred probably upon the ground that the surety sought this relief after judgments at law.

We have not access to the authorities referred to upon the question. It can readily be admitted that a payment of any sum before either principal or interest of the original debt became due, might well support an agreement for delay. Such payment, if made as usury, could be regarded as a payment upon the debt lawfully due, made in advance of the time

when the same could be rightfully demanded, and it would, therefore, support a new agreement. The proposition that an agreement for delay, in consideration of the debtor's promise to pay an additional sum as usurious interest, will be valid, provided the debtor pay the usury within the time of delay agreed upon, cannot be received without qualification. The delay agreed upon in this case was four months. The debtor gave his note for thirty dollars usury. He might have paid this on the last day of the four months. The agreement for delay was not valid until the payment of the money, and in such case it would become valid at the same time the delay had expired. We are of opinion that under our law the payment in such a case must be regarded and held as a payment upon the debt lawfully due, notwithstanding the agreement of the parties to the contrary, and, therefore, such payment will not support an agreement for delay. The payment of the money is as unlawful as the agreement to pay. If paid, unless appropriated to the lawful debt, it may be recovered back either by the debtor or a judgment creditor of his. The argument that the debtor paying the usury does not repudiate the contract, is not sound. The debtor might fail to repudiate the contract, and insist upon the delay agreed upon; this, if enforced, would discharge the surety, but a creditor of the debtor might afterwards recover the usury from the creditor receiving it. So that he would have been compelled to stand by his contract, and yet lose the consideration. In short, the creditor cannot lawfully enforce the

promise of his debtor to pay usury, nor can he lawfully retain the money if paid, except as a payment upon the lawful debt, and therefore his agreement for delay founded upon such a consideration is not obligatory upon him.

Judgment reversed and judgment rendered here for the plaintiffs, allowing the credit of thirty dollars.